UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT ANDREW MORRISON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STEVEN ACQUISTO,<br><br>　　　　Respondent. | No.  2:23-cv-00559-EFB (HC)<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  As discussed below, the petition must be dismissed.  *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

　　　　Petitioner states that the direct appeal of the judgment of conviction under attack is "still pending."  *See* ECF No. 1 at 1-2 (referencing case number C097455).  Review of the online docket for the California Court of Appeal, Third Appellate District, confirms the same.  Because

/////

/////

---

[1] Petitioner also seeks leave to proceed in forma pauperis.  ECF No. 2.  That request is granted.

the appeal is still pending, the court must abstain from considering the instant petition.[2]  *See Younger v. Harris*, 401 U.S. 37 (1971).  Under *Younger*, federal courts may not enjoin pending state criminal proceedings except under extraordinary circumstances.  *Id.* at 49, 53.  *Younger* abstention prevents a court from exercising jurisdiction when three criteria are met: 1) there are ongoing state judicial proceedings; 2) an important state interest is involved; and 3) there is an adequate opportunity to raise the federal question at issue in the state proceedings.  *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).  Without question, state criminal proceedings implicate important state interests, and California state courts provide an adequate forum in which petitioner may pursue his claims on appeal.

Accordingly, IT IS ORDERED that:

1. Petitioner's application for leave to proceed in forma pauperis (ECF No. 2) is granted; and
2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In

---

[2] Also of concern is whether petitioner's state court conviction is even final for purposes of federal review.  The habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one-year period will start to run on the date on which the state court judgment became final *by the conclusion of direct review* or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: May 25, 2023.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE